2011 VT 44

**STATE of Vermont v. Donald SHEPERD**

[21 A.3d 694]

No. 10-336

¶ 1. April 11, 2011. Defendant seeks full-Court review of a previous single-justice decision requiring a waiver "on the record in open court," pursuant to V.R.A.P. 3(b)(2), before this Court will accept the parties' stipulation to dismissal of this automatic appeal from a sentence of life imprisonment. We conclude that Rule 3(b)(2) applies regardless of whether a defendant sentenced to life imprisonment seeks to waive the right to an automatic appeal before or after the appeal is docketed in this Court. Accordingly, we will not accept the parties' stipulation to dismissal of this appeal unless defendant waives the right to appeal on the record in open court. That requirement may be satisfied through a video or telephonic conference.

¶ 2. **Johnson, J.,** concurring. I concur that the "in open court" waiver requirement contained in V.R.A.P. 3(b)(2) should not be applied depending on whether an appeal from a life-imprisonment case has been docketed at this Court, but I fail to see the benefit of applying that requirement in cases such as this, where the defendant has pled guilty to the underlying conviction. In cases where the defendant has entered into a plea agreement that forecloses challenges to the underlying conviction, I see little purpose in mandating a potentially time-consuming

---

and costly requirement of a formal waiver following a court colloquy. I recommend that the Criminal Rules Committee take up the issue.